**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1389
_____

UNITED STATES OF AMERICA

v.

EUGENE WRIGHT
Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No.: 1-19-cr-00092-001)
District Judge: Honorable Maryellen Noreika
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 16, 2022
_____

Before: KRAUSE, BIBAS, and RENDELL, *Circuit Judges*

(Filed: September 19, 2022)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**RENDELL**, *Circuit Judge*.

After the Government charged Eugene Wright by criminal information, he pleaded guilty to one count of conspiracy to distribute oxycodone. The District Court granted Wright both a downward departure from his Sentencing Guidelines range and a downward variance. Although he waived his right to appeal as part of his plea agreement, Wright appealed his sentence anyway. Wright's counsel moved to withdraw her representation under Anders v. California, 386 U.S. 738 (1967) and Third Circuit L.A.R. 109.2(a), arguing that the appeal raises only frivolous issues. We agree and, thus, we will grant the motion to withdraw; enforce the waiver because doing so would not work a miscarriage of justice; and dismiss Wright's appeal.

## I.

On at least eight occasions in 2018, after having agreed to sell oxycodone pills supplied by Thomas Elgart, Wright sold varying amounts of oxycodone to a confidential informant or an undercover Drug Enforcement Administration agent in Delaware. The DEA arrested both Wright and Elgart at Elgart's home and seized "292 Oxycodone 30 milligram tablets and 100 Oxycodone 15 milligram tablets, which [were] laid out on Elgart's kitchen table [ready] to [be sold] to [an] undercover DEA agent." App. 49-50. "All told, [Wright] had conspired to distribute 36,685 milligrams of Oxycodone." App. 50.

The Government charged Wright, by criminal information, with conspiracy to distribute oxycodone in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. He later

2

entered into a plea agreement with the Government and then pleaded guilty. The plea

agreement contained an appellate waiver:

> The Defendant knows that he has, and voluntarily and expressly waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing—including, but not limited to, an appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, or a motion under 28 U.S.C. § 2255. Notwithstanding the foregoing, the Defendant reserves his right (1) to file an appeal or other collateral motion on the grounds that he received ineffective assistance of counsel; and (2) to appeal his sentence if: (a) the government appeals from the sentence, (b) the Defendant's sentence exceeds the statutory maximum for the offense set forth in the United States Code, or (c) the sentence unreasonably exceeds the Sentencing Guidelines range determined by the District Court in applying the United States Sentencing Guidelines.

Supp. App. 8. Thus, Wright agreed to waive any right to appeal except on those grounds

specifically enumerated by the agreement.

At the start of the hearing, the District Court ascertained Wright's competence,

confirming, among other things, that he was free from the influence of drugs, alcohol or

medications. The Court also asked Wright if he was "fully satisfied with the counsel,

representation and advice" that he had received. App. 33. And the Court ensured Wright

understood what rights he was waiving by pleading guilty, including his right to appeal.

Wright then moved for a downward departure and a downward variance. The

District Court granted Wright's downward departure under U.S. Sent'g Guidelines

Manual § 4A1.3(b)(1) (U.S. Sent'g Comm'n 2021) (permitting a departure from the

Guidelines where a defendant's criminal history category overstates the seriousness of

the defendant's criminal history or likelihood that he will commit other crimes), which

3

reduced his Guidelines range from 151-188 months to 140-175 months. Then, despite the Government's argument and urging that the District Court reject Wright's request for a downward variance and impose a bottom-of-the-Guidelines-range sentence of 140 months, the District Court granted Wright a downward variance and imposed a below-the-Guidelines sentence of 110 months. Wright timely appealed. Defense counsel noted that Wright "advised [her] that he appealed because the sentence imposed was longer than what he wanted to serve," but that he otherwise took no "issue with the plea proceedings." Appellant's Br. 11-12.

## II.[1]

Under Anders, we engage in a two-part inquiry: "(1) whether counsel adequately fulfilled the [L.A.R. 109.2] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). As to the adequacy of counsel's fulfillment of her duty under Anders, we consider whether counsel has "thoroughly scoured the record in search of appealable issues" and "explain[ed] why the issues are frivolous." United States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000). Our own review of the record for nonfrivolous issues, by contrast, need not include "a complete scouring of the record." Youla, 241 F.3d at 301 (citing United States v. Wagner, 103 F.3d 551, 552 (7th Cir. 1996)).

---

[1] We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We exercise plenary review over legal conclusions and review factual findings for clear error. Simon v. Gov't of Virgin Islands, 679 F.3d 109, 114 (3d Cir. 2012).

4

In this case, we are satisfied that counsel adequately fulfilled her duty under Anders. She scoured the record and identified three issues for appeal, but ultimately concluded, after a thorough analysis, that these issues were frivolous.

At the outset, counsel noted that Wright's execution of a valid plea agreement, which included an appellate waiver, limited the possible issues for appeal. Despite the waiver, however, counsel identified three issues: (1) the District Court lacked jurisdiction to accept Wright's plea; (2) his plea was constitutionally and legally invalid; and (3) his sentence was substantively unreasonable. She went on, however, to explain why each issue is frivolous. We agree.

This Court will not take up an appeal in the face of an appellate waiver when the "issues on appeal fall within the scope of the waiver and the defendant knowingly and voluntarily agreed to the waiver, unless 'enforcing the waiver would work a miscarriage of justice.'" United States v. Saferstein, 673 F.3d 237, 242 (3d Cir. 2012) (quoting United States v. Corso, 549 F.3d 921, 927 (3d Cir. 2008)).

In this case, not only is the appellate waiver clear on its face that Wright knowingly and voluntarily waived his right to appeal any issue except those enumerated under the agreement, but the District Court also engaged in an extensive colloquy with him and confirmed that he understood what rights he was giving up in executing the waiver. Upon review of the record and consideration of defense counsel's analysis in her brief, we see no reason why enforcing the waiver would work a miscarriage of justice in this case. Indeed, the three issues presented in this appeal are frivolous.

First, as both defense counsel and the Government acknowledge, the District Court had jurisdiction under 18 U.S.C. § 3231, which provides for original jurisdiction over all criminal offenses in violation of federal law in the district courts of the United States.

Second, Wright's plea was valid under Boykin v. Alabama, 395 U.S. 238, 242-44 (1969) and Federal Rule of Criminal Procedure 11. Under Boykin, for a guilty plea to be constitutional, it must be "knowing" and "voluntary." Boykin, 395 U.S. at 242-44, 243 n.5. And to assure itself that a defendant's guilty plea is "knowing" and "voluntary," before accepting such a plea, a district court must conduct a colloquy in accordance with Rule 11. Here, the District Court complied with each requirement of Rule 11 and, therefore, Wright's plea was valid.

Finally, Wright waived any right to appeal his sentence except in three narrow circumstances, which are not implicated here. And, in any event, his sentence is not substantively unreasonable. Wright reserved his right to appeal his sentence only where "the government appeals from the sentence," "the Defendant's sentence exceeds the statutory maximum for the offense," or "the sentence unreasonably exceeds the Sentencing Guidelines range" for the offense. Supp. App. 8. The Government did not appeal Wright's sentence, and his sentence of 110 months falls well below the twenty-year maximum provided under the United States Code and thirty months below the bottom of the applicable Sentencing Guidelines range of 140-175 months. Thus, none of the specific carveouts from the appellate waiver apply. Given the District Court's meaningful consideration of the sentencing factors set forth under 18 U.S.C. § 3553(a),

6

which it weighed and determined warranted a below-the-Guidelines sentence, we cannot conclude that Wright's sentence is substantively unreasonable.

## III.

For these reasons, we will grant the motion to withdraw; dismiss Wright's appeal for failure to raise any non-frivolous issues; and affirm his sentence.